Susan HALLOCK and Ferncliff Associates, Inc., dba Multimedia Technology Center;  Plaintiffs,

v.

Robert C. BONNER;  Richard Will; Dennis P. Harrison;  Margaret M. Jordan;  Thomas Virgilio;  Unknown Named Agents of United States Customs and Treasury;  Unknown Named Agents of United States Justice Department;  Unknown Named Agents of United States Postal Service;  Unknown Named Agents of United States Marshal Service;  and John & Jane Doe 1–25;  Defendants.

No. 5:03–CV–195.

United States District Court,
N.D. New York.

Aug. 19, 2003.

Kenneth M. Sissel, Esq., Lilburn, GA, for Plaintiffs.

Hon. Glenn T. Suddaby, United States Attorney, Syracuse, NY (Charles E. Roberts, Asst. United States Attorney, of Counsel), for defendants.

*MEMORANDUM–DECISION and ORDER*

HURD, District Judge.

## I. *INTRODUCTION*

Susan Hallock ("Hallock") and Ferncliff Associates, Inc. (collectively "plaintiffs"), filed suit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (*"Bivens"*), against Robert C. Bonner, Richard Will, Dennis P. Harrison, Margaret M. Jordan, Thomas Virgilio, and other unnamed employees of the United State Customs and Treasury, the United States Justice Department, the United States Postal Service, and the United States Marshal Service (collectively "defendants").  In response, defendants answered and filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).  Plaintiffs opposed.  Oral argument

was heard on August 8, 2003 in Utica, New York. Decision was reserved.

## II. *BACKGROUND*

Hallock owned Ferncliff Associates, Inc., located in Herkimer, New York. On June 8, 2000, in the course of a child pornography investigation, defendants detained several of plaintiffs' computer systems. No criminal charges were filed against them, and the property was eventually returned to plaintiffs on December 21, 2000. According to plaintiffs, four out of the nine computer systems that were seized were unusable when returned, and various stored data, including client, business and personal records, intellectual property, proprietary designs, and trade secrets, were not recoverable. Plaintiffs claim that these losses forced them to close their business, and accordingly, they incurred further financial loss.

After unsuccessful attempts to restore the situation through administrative and informal channels, plaintiffs filed a complaint for damages against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et. seq. The government filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction due to an exception to the FTCA, 28 U.S.C. § 2680(c), and Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. The government's motion was granted pursuant to section 2680(c)[1] and plaintiffs' complaint was dismissed. *See Hallock v. United States*, 253 F.Supp 2d 361 (N.D.N.Y.2003).

However, while the government's motion to dismiss was pending, plaintiffs filed the instant *Bivens* action against defendants, all government employees allegedly in-

volved in the seizure and detention of plaintiffs' property. After plaintiffs' action against the United States was dismissed, defendants moved to dismiss this action, alleging lack of subject matter jurisdiction pursuant to the judgment bar in 28 U.S.C. § 2676, and failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

## III. *DISCUSSION*

### A. *Applicability of the Judgment Bar*

■ Defendants argue that the judgment entered in the government's favor on plaintiffs' FTCA claim bars plaintiff from proceeding against the individual defendants in the instant suit. Title 28 U.S.C. § 2676 provides that "[t]he judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." The bar was intended to prevent dual recovery from both the government and its employees, and the waste of government resources in defending repetitive suits. *Gasho v. United States*, 39 F.3d 1420, 1437–38 (9th Cir.1994) (citing *Kreines v. United States*, 959 F.2d 834 (9th Cir.1992)).

As an initial matter, defendants argue that plaintiffs' FTCA complaint was dismissed pursuant to both Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(b)(1). The dismissal was expressed as follows: "Pursuant to § 2680(c), plaintiffs are precluded from pursuing their claim under the Federal Tort Claims Act. All of plaintiffs' claims arise out of the detention of their property by agents of the United States, and are therefore barred." *Hallock*, 253 F.Supp.2d at 368. Because it was deter-

---

**1.** Section 2680(c) is an exception to the United States' waiver of immunity under the FTCA. It precludes claims against the government arising from "the detention of any goods or merchandise by any officer of customs or any other law enforcement officer." 28 U.S.C. § 2680(c)

mined that § 2680(c) deprived the court of subject matter jurisdiction, the dismissal was pursuant to Fed.R.Civ.P. 12(b)(1), not Fed.R.Civ.P. 12(b)(6).[2] *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Assn.,* 896 F.2d 674, 678 (2d Cir.1990); *see also Hostetler v. United States,* 97 F.Supp.2d 691, 695 (E.D.Va.2000) ("Federal courts ... lack subject matter jurisdiction to review actions falling within any one of the exceptions to the FTCA.").

Defendants have cited numerous cases for the proposition that any FTCA judgment precludes a subsequent *Bivens* action. However, unlike the instant case, the courts in those cases were not confronted with *Bivens* actions filed subsequent to a FTCA claim dismissed for lack of subject matter jurisdiction. *See Gasho,* 39 F.3d at 1436 (prior determination on summary judgment); *Farmer v. Perrill,* 275 F.3d 958, 962 (10th Cir.2001) (prior dismissal pursuant to Fed.R.Civ.P. 41(b)); *Arevalo v. Woods,* 811 F.2d 487, 488 (9th Cir.1987) (FTCA claims determined pursuant to a bench trial); *Serra v. Pichardo,* 786 F.2d 237, 239 (6th Cir.1986) (FTCA claims determined pursuant to a jury tri-

al); *Rodriguez v. Handy,* 873 F.2d 814, 816 (5th Cir.1989) (FTCA claims determined pursuant to a bench trial).[3] Defendants nevertheless claim that there is no limit to the judgment bar and that the moment any judgment is entered on an FTCA claim a *Bivens* claim is precluded. This broad reading would have the practical effect of foreclosing the enforcement of substantive rights for no other reason than the commission of an earlier procedural error.

It is true that many courts, presumably focused on preserving resources and avoiding duplicative lawsuits, have stated that the proper way to avoid the judgment bar is to include claims against the government and individual government employees in the same lawsuit.[4] *See e.g., Gasho,* 39 F.3d at 1438.; *Arevalo,* 811 F.2d at 487. Using this tactic, even if the claims against the government are dismissed—i.e., it is determined that an exception to the waiver of sovereign immunity applies—the claims against the individual defendants would survive since such claims are brought at the same time and are not therefore subse-

**2.** Defendants' argument that the dismissal was also pursuant to Rule 12(b)(6)—for failure to state a claim—is taken from one sentence in the opinion. *See Hallock,* 253 F.Supp.2d at 363 ("While 'the court should consider the Rule 12(b)(1) challenge first[,] since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined' when a party moves pursuant to both subsections of Rules 12, the United State's motion is well taken under the more lenient Rule 12(b)(6).") (citation omitted). As is obvious from the remainder of the opinion, Rule 12(b)(6) was not a basis used to dismiss the complaint. At no time were the merits of plaintiff' claims discussed. The sole issue determined in the opinion—i.e., whether § 2680(c) barred suit—was a legal one. The above-quoted language was mere dicta, inserted to demonstrate that even if the allegations are taken as true,

§ 2680(c) nonetheless prohibited plaintiffs from proceeding.

**3.** Defendants also cite *Hoosier Bancorp v. Rasmussen,* 90 F.3d 180, 184 (7th Cir.1996). However, the Seventh Circuit in that case simply stated that the district court "entered judgment for the defendants in that case." *Id.* Neither party provided a copy of the lower court's decision dismissing the case and this court's search for the same was unsuccessful. Regardless, the court in *Hoosier* does not address the issue presented here, i.e., the legal effect of dismissal for lack of subject matter jurisdiction under § 2676.

**4.** It should be noted that the filing of claims against both the government and its employees in these situations is not statutorily required. The example simply serves to illustrate the effect of defendants' interpretation of the judgment bar statute on facts even more favorable than those presented in this lawsuit.

quent. Defendants's interpretation of § 2676, of course, rejects even this position. Defendants, pointing to the absence of qualifying language in the statute, argue that any judgment in favor or against the government precludes suit against the individual government employees allegedly involved in the constitutional deprivation.

To demonstrate the potential destructiveness of defendants' interpretation of § 2676, consider the following example drawn from the view of the courts cited above. Plaintiff files suit in federal district court, alleging an FTCA claim against the government and a *Bivens* claim against individual government employees allegedly involved in the deprivation of plaintiff's constitutional rights. The government quickly files a motion to dismiss for lack of subject matter jurisdiction, contending that sovereign immunity was not waived on the particular facts before the court. The court agrees with the government, dismissing the claim against the government and entering judgment in its favor. The individual defendants thereafter move to dismiss the claims against them, contending that this judgment, pursuant to § 2676, bars suit against them.

Under defendants' interpretation of the statute, the individual defendants' motion would be granted, despite the fact that no repetitious litigation transpired, as the merits of the claims against the government were not reached and the claims against the individual defendants were brought in the same lawsuit, and despite the fact that no possibility of dual recovery is presented. In fact, concerns regarding that purpose of the judgment bar statute have been entirely eliminated by granting the government's motion to dismiss. Further, resources are not wasted. In the scenario, assume the plaintiff, like the ones here, had a good faith, albeit ultimately incorrect, basis for believing that sovereign immunity was waived. In such a

situation, a plaintiff's attorney is not only encouraged, but duty-bound to pursue the claim. That the court ultimately rules against the plaintiff should not serve as a penalty for making the argument. Defendants' interpretation of § 2676 is therefore rejected, and plaintiffs' earlier procedural loss does not prevent them from pursuing enforcement of their substantive rights against the proper defendants.

### B. *The Bivens Claim*

"The standard for granting a Fed. R.Civ.P. 12(c) motion for judgment on the pleadings is identical to that of a Fed. R.Civ.P. 12(b)(6) motion for failure to state a claim. In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). As the Supreme Court explained in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), "[T]he Federal Rules of Civil Procedure (Rules) do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give a defendant fair notice of what a plaintiff's claim is and the grounds upon which it rests. [Fed. R.Civ.P. 8(a)(2) ]." *Id.* at 47, 78 S.Ct. 99.

▮ In order to state a cause of action under *Bivens*, plaintiffs must allege that defendants acted under color of law to deprive them of their constitutional rights. *Barbera v. Smith*, 654 F.Supp. 386, 394 (S.D.N.Y.1987). Plaintiffs' Amended Complaint alleges that defendants, employees of various departments of the government, "intentionally caused total and permanent

damage to the [plaintiff's] computer equipment resulting in the complete loss of all stored data as well as loss of computer equipment, all critical to the continued business operations of the plaintiff," (Pls' Compl. ¶ 14 C.), in violation of plaintiffs' Fifth Amendment due process rights. These allegations, if true, provide a basis for relief and are sufficient to put defendants on notice as to the nature of the claim against them.[5]

## IV. *CONCLUSION*

Because plaintiffs' FTCA suit against the government was dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and allowing plaintiffs to proceed does not offend the purposes of § 2676, the judgment bar statute does not bar plaintiffs' *Bivens* suit. Furthermore, under the liberal rules for notice pleading, plaintiffs have sufficiently stated a claim for which relief may be granted.

Accordingly, it is

ORDERED that defendants' motion for judgment on the pleadings is DENIED.

IT IS SO ORDERED.

---

**5.** No opinion is expressed as to whether plaintiffs can survive further motion practice. For example, if it turns out that plaintiffs did simply just substitute the word "intentional" for the word "negligent" in amending their complaint, and are unable to procure any evidence in support of their be-lief in the intentional nature of defendants' alleged conduct, summary judgment may well be appropriate. However, at this stage of the litigation, where all plaintiffs' allegations are taken as true, dismissal is inappropriate.