Susan **HALLOCK**, **Ferncliff Associates, Inc.**, doing business as **Multimedia Technology Center**, Plaintiffs–Appellees,

v.

Robert C. **BONNER**, Richard Will, Dennis P. Harrison, Margaret M. Jordan, Thomas Virgilio, Unknown Named Agents of United States Customs and Treasury, Unknown Named Agents of United States Department of Justice, Unknown Named Agents of United States Postal Service, Unknown Named Agents of United States Marshals Service, John & Jane Does 1–25, Defendants–Appellants.

No. 03–6221.

United States Court of Appeals, Second Circuit.

Argued: June 7, 2004.

Decided: Oct. 22, 2004.

Teal Luthy Miller, Attorney, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C. (Barbara L. Herwig, Attorney, Appellate Staff, Civil Division, United States Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, United States Department of Justice, and Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the briefs), for Defendants–Appellants.

Kenneth M. Sissel, Esq. (Janise L. Miller, on the brief), for Plaintiffs–Appellees.

Before: MINER and RAGGI, Circuit Judges, and MARRERO, District Judge.*

Judge MARRERO concurs in the majority opinion and in a separate concurring opinion.

MINER, Circuit Judge.

In this action, defendants-appellants, Robert C. Bonner,[1] Richard Will, Dennis P. Harrison, Margaret M. Jordan, and Thomas Virgilio, all employees of the United States Customs Service, sued along with other, "unknown named" agents of the United States Customs Service, the United States Department of the Treasury, the United States Justice Department, and the United States Marshals Service (collectively, the "defendants"), appeal from an order entered in the United States District Court for the Northern District of New York (Hurd, *J.*). The action was brought by plaintiffs-appellees, Susan Hallock and Femcliff Associates, Inc., d/b/a Multimedia Technology Center (collectively, the "plaintiffs"), under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) [hereinafter *"Bivens"*], for damages arising from the seizure of plaintiffs' computer equipment in violation of the Fifth Amendment of the United States Constitution.

The same plaintiffs had invoked the Federal Tort Claims Act in a previous action brought against the United States to recover for the same wrongful acts. That action was concluded by a judgment of dismissal for lack of subject matter jurisdiction. The defendants' assertion of that judgment as a bar to the present action was the basis for the motion that culminated in the order giving rise to this

---

* The Honorable Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

1. It appears that Robert C. Bonner, Commissioner of Customs and Border Protection, did not hold office at the time of the events that form the subject of this lawsuit. Since he did not have direct involvement in these events, he should be dismissed from this action. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001).

appeal. Rejecting the contention that this appeal is taken from a non-appealable interlocutory order, we affirm the determination of the District Court for reasons somewhat different from those given by that court.

## BACKGROUND

The background of this case, at least for present purposes, is framed by the allegations of the complaint. Those allegations must be accepted as true at this stage of the litigation because defendants have moved for judgment on the pleadings. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001). Accordingly, the background facts that follow are taken from the complaint.

Plaintiff Susan Hallock, who resides with her husband, Richard Hallock, at 194 Ferncliff Road in the Village of Mohawk, Herkimer County, New York, is president and sole stockholder of Ferncliff Associates, Inc., d/b/a Multimedia Technology Center ("Ferncliff"). The corporate address is the same as the home address of the Hallocks. On June 8, 2000, defendants Jordan, Virgilio, and Harrison, along with others, executed at 194 Ferncliff Road a search warrant issued by the United States District Court for the Northern District of New York. The warrant authorized seizure of "all property, contraband, instrumentalities, fruits[,] or evidence of violation of Title 18, United States Code, § 2252 and § 2252A." The cited statutes proscribe activities relating to material involving the sexual exploitation of minors and activities relating to material constituting or containing child pornography.

Pursuant to the search warrant, defendants seized all computer equipment, software data, and hard disk drives located at the Ferncliff Road location. Because of the nature of the data stored on the hard disk drives, the seizure included "all Computer Software Intellectual Property, all [C]omputerized Proprietary Computer Software Design Documents, all Computerized Personal Records, all Computerized Business Records, all Computerized Accounts, Client Files and Business as well as Technological Trade Secrets belonging to Plaintiffs, both primary and archival backups."

Apparently, Richard Hallock was the victim of identity theft, and no evidence of any violation of the cited statutes was found in the materials seized. In any event, no charge of any kind was filed against Richard or Susan Hallock, and the items seized, or what was left of them, were returned to the plaintiffs on December 21, 2000. Proposed agreements acknowledging the receipt of the seized items were presented to the plaintiffs by the United States Attorney for the Northern District of New York. The proposed agreements included a representation by Richard Hallock that the data images in the computers returned were "complete and accurate reproduction[s]" and had "not been altered." The agreements also included a clause whereby Richard Hallock would agree to save harmless the Customs Service, Treasury and Justice Departments, and their agents from any claims relating to the seizure and detention of plaintiffs' property. It appears that Richard Hallock did not execute the proposed agreements.

When Richard Hallock received the computer equipment and hard disk drives on December 21, after the items had been in the custody of the defendants since June 8, he examined the equipment and observed that four of the nine computer systems seized were totally unusable. One of the four was returned to its owner, a client of Ferncliff Associates, Inc., and the loss of the other three resulted in the termination of the plaintiffs' business operations. It also was discovered that five of the hard

disk drives seized were so damaged that all stored data were lost. Data previously described as included in the seizure—including documents, records, accounts, files, and trade secrets—had been stored on the hard drives.

In the complaint that we examine on this appeal, plaintiffs allege that "[d]efendants intentionally caused total and permanent damage to the computer equipment resulting in the complete loss of all stored computer data as well as loss of computer equipment, all critical to the continued business operations of [p]laintiffs." Asserting a violation of the Fifth Amendment, plaintiffs seek damages in excess of $4.4 million. The alleged loss and destruction of the plaintiffs' computer equipment was the subject of a previous action brought by plaintiffs against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and dismissed for lack of subject matter jurisdiction. *See Hallock v. United States,* 253 F.Supp.2d 361 (N.D.N.Y.2003) [hereinafter *"Hallock I"*].

In *Hallock I,* the District Court was confronted with a complaint in which the plaintiffs put forth claims of negligent destruction of property, conversion, negligent bailment, larceny, misfeasance, and personal injury. The FTCA waives the sovereign immunity of the United States to allow civil actions

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

There are various exceptions to this waiver of sovereign immunity, and it is the following exception, set forth in 28 U.S.C. § 2680(c), which the District Court was constrained to apply in *Hallock I:* "Any claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." *Hallock I,* 253 F.Supp.2d at 365 (quoting 28 U.S.C. § 2680(c)) (emphasis removed). Rejecting arguments that the exception applies only to officers performing tax or custom duties and that plaintiffs' claims arose from the seizure rather than the detention of goods, the court in *Hallock I* granted the motion to dismiss the amended complaint in accordance with the Government's motion filed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). In its memorandum-decision and order dated March 21, 2003, the District Court concluded as follows: "Pursuant to § 2680(c), plaintiffs are precluded from pursuing their claims under the Federal Tort Claims Act. All of plaintiffs' claims arise out of the detention of their property by agents of the United States, and are therefore barred." 253 F.Supp.2d at 368. A judgment of dismissal was entered shortly thereafter. No appeal was taken from that judgment.

The *Bivens* action subject of the instant appeal was commenced while the Government's motion to dismiss in *Hallock I* was pending. Here, the plaintiffs joined as defendants all the government agents and employees alleged to have been involved in the seizure and detention of plaintiffs' property. Defendants' motion for judgment on the pleadings, culminating in *Hallock v. Bonner,* 281 F.Supp.2d 425 (N.D.N.Y.2003) [hereinafter *"Hallock II"*], centered on the judgment-bar rule found at 28 U.S.C. § 2676. That statute provides that "[t]he judgment in an action under [the FTCA] shall constitute a complete bar

to any action by the claimant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim." *Hallock II*, 281 F.Supp.2d at 426 (internal quotation marks omitted).

In its memorandum-decision and order dated August 19, 2003 in *Hallock II* denying judgment on the pleadings, the District Court found a difference between various cases cited for the proposition that any FTCA judgment precludes a later *Bivens* action under the judgment-bar rule and the case at hand, where the *Bivens* action was brought after the filing of an FTCA action that was dismissed for lack of subject matter jurisdiction. *Id.* at 427. Noting defendants' argument "that there is no limit to the judgment bar and that the moment any judgment is entered on an FTCA claim a *Bivens* claims is precluded," the District Court opined that "[t]his broad reading would have the practical effect of foreclosing the enforcement of substantive rights for no other reason than the commission of an earlier procedural error." *Id.* Rejecting such a "broad reading," the District Court in *Hallock II* concluded that "plaintiffs' earlier procedural loss [did] not prevent them from pursuing enforcement of their substantive rights against the proper defendants." *Id.* at 428.

By order dated October 6, 2003, the District Court denied the defendants' application to certify for appeal, pursuant to 28 U.S.C. § 1292(b), its order of August 19. The District Court found no controlling question of law involving a substantial basis for difference of opinion, a requirement for such certification. The rationale for that finding went as follows: "Defendants have failed to cite even one case—Circuit or District Court—in which a prior FTCA judgment dismissing a complaint for lack of subject matter jurisdiction would bar a subsequent *Bivens* action."

The District Court added that its finding "would not, of course, bar an appeal as of right under the collateral order doctrine, if it is applicable."

This timely appeal, taken by the defendants from the order denying judgment on the pleadings, followed the denial of certification.

## DISCUSSION

### I. *Of Appealability*

■ We first address plaintiffs' argument that the order appealed from is interlocutory and non-final and, therefore, not appealable in accordance with the statutory provision conferring upon this Court "jurisdiction of appeals from all final decisions of District Courts." 28 U.S.C. § 1291. Generally, a final order is an order of the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (internal quotation marks omitted). Clearly, the order under examination here is not such an order.

There are some narrowly drawn exceptions to the finality requirement, however. These exceptions allow an appeal to be taken from an interlocutory order where: (1) the order relates to injunctions, receiverships, and certain admiralty matters, 28 U.S.C. § 1292(a); (2) the district court has certified for immediate appeal an order (i) that involves a controlling question of law, (ii) as to which there exists a substantial ground for difference of opinion, and (iii) the disposition of which may materially advance the ultimate termination of the litigation, 28 U.S.C. § 1292(b); and (3) the order of the district court expressly directs the entry of a partial judgment in a multi-claim or multi-party action upon a determination that there is no just reason for

delay. Fed.R.Civ.P. 54(b); *see Kahn v. Chase Manhattan Bank, N.A.,* 91 F.3d 385 (2d Cir.1996). Here, the order under review does not fit within any of these three exceptions to the rule of finality.

■ There is yet a fourth exception to the rule of finality. It is the so-called "collateral order doctrine" that had its genesis in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). In *Cohen,* a stockholder's derivative action was founded on diversity of citizenship. The defendant corporation sought to apply a state statute that required certain plaintiffs in such actions to post a bond as security for court costs. The district court order there in question held that the statute was not applicable to the plaintiffs. Holding that order appealable, the Supreme Court wrote: "This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. 1221.

■ The collateral order doctrine is said to provide "a narrow exception to the general rule that interlocutory orders are not appealable as a matter of right." *Schwartz v. City of New York,* 57 F.3d 236, 237 (2d Cir.1995). "To fit within the collateral order exception, the interlocutory order must '[i] conclusively determine the disputed question, [ii] resolve an important issue completely separate from the merits of the action, and [iii] be effectively unreviewable on appeal from a final judgment.'" *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir.1999) (allowing an appeal from a denial of an attorney's motion to withdraw as counsel) (quoting *Coopers & Lyb-*

*rand v. Livesay,* 437 U.S. at 468, 98 S.Ct. 2454).

■ We conclude that the order under review falls within the collateral order exception. First, there is no question that the order constitutes a conclusive determination of the disputed issue, viz. whether the judgment bar prescribed by Section 2676 derails the *Bivens* action at bar. Second, that issue is completely separate and distinct from the merits of the action, which pertain to the liability of the individual defendants, as agents of the Government, for their acts and omissions in regard to the detention of the plaintiffs' goods. Finally, the order is one that will not be *effectively* reviewable on appeal from a final judgment.

The reason that the order will be effectively unreviewable after final judgment is that Section 2676, which the order addresses, confers statutory immunity from suit. As in the case of qualified immunity, the immunity claimed by the defendants here provides an "entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In short, "'the essence' of the claimed right is a right not to stand trial," *Van Cauwenberghe v. Biard,* 486 U.S. 517, 524, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988), and an order adjudicating that right is therefore effectively unreviewable on appeal, *see Murphy v. Reid,* 332 F.3d 82, 84 (2d Cir. 2003).

While no case in this Circuit is directly on point, the Tenth Circuit, in a factually analogous context, determined that "all three prongs of the collateral order doctrine [had been] plainly satisfied by the district court's holding that Section 2676[did] not bar [plaintiffs'] *Bivens* claim." *Farmer v. Perrill,* 275 F.3d 958, 961 (10th Cir.2001). We stand with the Tenth Circuit in that determination. To

the extent that *Brown v. United States,* 851 F.2d 615, 619 (3d Cir.1988), is to the contrary, based on the determination that the denial of a Section 2676 judgment bar is not unreviewable on appeal, we reject it. We also reject plaintiffs' contention that the order here is not appealable under the collateral order doctrine because it does not "present a question that is substantial, i.e., not doomed to failure under controlling precedent." *Lawson v. Abrams,* 863 F.2d 260, 262 (2d Cir.1988). The "doomed to failure" language applies only to an argument that has been considered and rejected in a prior case. Here, the application of the judgment bar to the dismissal of an FTCA claim by virtue of a statutory exception is a matter of first impression in this Circuit and, therefore, cannot be described as "doomed to failure" in either this Court or the District Court.

## II. *Of the Judgment Bar Provision*

■ The FTCA provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. The bar was intended to prevent dual recovery from both the Government and its employees and to avoid the waste of Government resources in defending repetitive suits. *See Gasho v. United States,* 39 F.3d 1420, 1437–38 (9th Cir.1994). Moreover, "[s]ince a judgment in an action against the United States under the FTCA will constitute a [judgment bar] in favor of the employee whose act gave rise to the claim," the rule increases the likelihood "that claims for torts [will] be made against the United States rather than, as *Bivens* suits, against the employee." *Birnbaum v. United States,* 588 F.2d 319, 333 (2d Cir.1978). And "[t]hat is as it should be." *Id.* A Government agent

should not "be made to suffer alone an ignominious financial ruin." *Id.* Indeed, "[c]ompensation for incidental harm resulting from the Government's pursuit of its ... interests is more justly borne by the entire body politic than by agents of the Government[ ] who, out of [excess] zeal, exceeded the outer limits of their delegated authority." *Id.*

In addition, "Congress ... was concerned about the [G]overnment's ability to marshal the manpower and finances to defend subsequent suits against its employees." *See Gasho,* 39 F.3d at 1437 (noting that "[t]he prevention of dual recovery ... is not the only purpose of the statute"). At the Congressional hearings on the statute, "[o]ne witness testified that multiple suits imposed a 'very substantial burden' on the [G]overnment." *Id.* (quoting Hearings Before the House Committee on the Judiciary on H.R. 5373 and H.R. 6463, 77th Cong., 2d Sess. 90 (1942)). Moreover, included in the legislative history is a statement that " '[i]t is just and desirable that the burden of redressing wrongs of this character be assumed by the Government alone within limits, leaving the employee at fault to be dealt with under the usual disciplinary controls.' " *Gilman v. United States,* 206 F.2d 846, 848 n. 3 (9th Cir.1953) (quoting S.Rep. No. 1196, at 5 (1942) (statement of Francis Shea, Assistant Attorney General)).

In reaching its conclusion that Section 2676 did not apply in the present context, the District Court drew a distinction between cases in which claims are dismissed for a "procedural error" (as the court characterized a dismissal for lack of subject matter jurisdiction under the FTCA) and cases in which claims are dismissed on the merits. *See Hallock II,* 281 F.Supp.2d at 427 (citing, e.g., *Gasho,* 39 F.3d at 1436 (determination on summary judgment), and *Farmer,* 275 F.3d at 962 (dismissal

pursuant to Fed.R.Civ.P. 41(b))); *see also Rodriguez v. Handy,* 873 F.2d 814, 816 (5th Cir.1989) (FTCA claims determined pursuant to a bench trial); *Arevalo v. Woods,* 811 F.2d 487, 488 (9th Cir.1987) (same); *Serra v. Pichardo,* 786. F.2d 237, 239 (6th Cir.1986) (FTCA claims determined in a jury trial). Although the Government cites *Gasho* for the proposition that Section 2676 "speaks of 'judgment' and suggests no distinction between judgments favorable and judgments unfavorable to the Government," 39 F.3d at 1437, the District Court was correct to cite *Gasho* as a case decided on the merits.

In *Hoosier Bancorp of Indiana, Inc. v. Rasmussen,* 90 F.3d 180 (7th Cir.1996), however, the Seventh Circuit affirmed the district court's decision applying Section 2676 to bar a *Bivens* claim on the basis of a prior judgment dismissing an FTCA claim for lack of subject matter jurisdiction. The Circuit Court "join[ed] the conclusion that *any* FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment." *Id.* at 185 (internal quotation marks omitted). We do not stand with the Seventh Circuit in its analysis of the issue before us, nor do we adopt the District Court's characterization of the dismissal of plaintiffs' FTCA claim for lack of subject matter jurisdiction as a "procedural loss." *Hallock II,* 281 F.Supp.2d at 428 ("[P]laintiffs' earlier procedural loss does not prevent them from pursuing enforcement of their substantive rights against the proper defendants.").

■ As we see it, an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA does not result in a "judgment in an action under section 1346(b) [the Federal Tort Claims Act]." 28 U.S.C. § 2676. This is so because the action was not *properly* brought *under* the Federal Tort Claims Act in the first place and is a nullity. We hold that for the judgment bar to apply, the action must first be a proper one for consideration under the Federal Tort Claims Act. In other words, it must fit within the category of cases for which sovereign immunity has been waived. If it does not, then a judgment declaring a lack of subject matter jurisdiction denotes that sovereign immunity has not been waived and that the case is not justiciable in any event.

■ We reject the District Court's approach because any number of *procedural* defects and/or reasons having nothing to do with the merits of the claim may justify dismissal of an action properly brought under the Federal Tort Claims Act. For example, in an action *properly* pleaded under the FTCA, a judgment of dismissal based on the statute of limitations, laches, release, res judicata, or improper venue will justify the assertion of the judgment bar in a subsequent *Bivens* action. Indeed, even where an involuntary dismissal without prejudice is ordered pursuant to Fed.R.Civ.P. 41(b), the judgment entered thereon will constitute a complete bar if the action was one properly invoking jurisdiction under the FTCA. *Cf. Farmer,* 275 F.3d at 963–64.

## CONCLUSION

· The order of the District Court is affirmed for the foregoing reasons.

MARRERO, United States District Judge, concurring.

I concur in the holding of the majority opinion, but write separately to offer alternative grounds for affirmance that I find more compelling. I would affirm based on

the reasoning of the District Court that a procedurally-based, rather than merits-based, ruling against a plaintiff on an FTCA claim does not trigger 28 U.S.C. § 2676's bar against a subsequent *Bivens* action.

The majority opinion states that a dismissal for lack of subject matter jurisdiction of a claim brought under the FTCA does not bar a later *Bivens* suit because such a claim "was not *properly* brought *under*" the FTCA and therefore is a "nullity." (*See supra* at 155, emphasis in original.) The majority also writes that many types of procedural dismissals of FTCA claims may validly bar subsequent *Bivens* claims.

Both the majority's reasoning and the alternative approach I propose read an implied term into § 2676 to give the statute reasonable meaning; we merely choose to rely upon different words. The majority's construction finds, before the word "under," an implicit requirement that an action be "properly brought." Like the District Court in this case and in two other precedents cited below, the implied term under the alternative approach would interpret a requirement of "on the merits" after the word "judgment" in § 2676.

As the majority opinion correctly notes, the principal purposes of § 2676 are to prevent double recovery by a plaintiff from the Government and individual employees, and to avoid duplicative litigation. A *Bivens* action brought after a dismissal for lack of subject matter jurisdiction against an FTCA plaintiff does not present such dangers,[1] but neither do most other procedurally-based dismissals of FTCA claims. The majority concludes that certain procedurally-based dismissals of FTCA claims may legitimately bar subsequent *Bivens* actions, presumably under § 2676, but that

dismissals for lack of subject matter jurisdiction do not. But prohibiting a subsequent *Bivens* action because a plaintiff's earlier FTCA claim was dismissed by reason of, for instance, improper venue or laches, would work an unduly harsh result on that plaintiff. Moreover, to cite another example, one could argue that an FTCA claim brought after the expiration of the relevant statute of limitations would be likewise "improperly brought" under the FTCA and should not bar a subsequent *Bivens* suit otherwise timely filed.

Significantly, there is no requirement that a *Bivens* plaintiff also bring an FTCA claim. Dismissing a *Bivens* suit because of a good-faith procedural error in a plaintiff's litigation of an earlier FTCA action—an action that the plaintiff need not have brought at all to maintain a *Bivens* claim—does not advance Congress's goals in enacting § 2676 and unduly penalizes that plaintiff. To take an extreme example, if a plaintiff brings a *Bivens* action and an FTCA claim together in the same lawsuit and early in the litigation a court were to dismiss the FTCA claim on procedural grounds such as lack of proper venue, and not for lack of subject matter jurisdiction, the majority's analysis here would apparently accept the application of § 2676 to that plaintiff's *Bivens* suit. Under the alternative reading I would apply, such a bar would not require blanket dismissals in every such situation.

I have found only one other district court other than the District Court in this case that has apparently considered the precise question before this Court, and that court likewise ruled in two different opinions that the judgment bar in § 2676 does not block a *Bivens* suit when a prior FTCA claim was dismissed on procedural grounds. *See Michalik v. Hermann*, 2002

---

1. At most, such a ruling imposes some additional litigation burdens on the Government.

WL 31844910 (E.D.La. Dec.16, 2002); *Michalik v. Hermann*, 2002 WL 1870054 (E.D.La. Aug.12, 2002). Thus, while I join the judgment of this Court affirming the decision of the District Court, I would do so for the reasons stated above and to be consistent with the rulings of the only two other courts that have squarely considered this issue.