RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0219p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JAMES KING,

>                           *Plaintiff-Appellant*,

>    *v.*                                                           No. 17-2101

> UNITED STATES OF AMERICA, et al.

>                           *Defendants*,

> DOUGLAS BROWNBACK; TODD ALLEN,

>                           *Defendants-Appellees*.

───────────────

On Remand from the United States Supreme Court.
United States District Court for the Western District of Michigan at Grand Rapids.
No. 1:16-cv-00343—Janet T. Neff, District Judge.

Decided and Filed:  September 21, 2022

Before:  BOGGS, CLAY, and ROGERS, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Patrick Jaicomo, Anya Bidwell, Keith Neely, INSTITUTE FOR JUSTICE, Arlington, Virginia, D. Andrew Portinga, MILLER JOHNSON, Grand Rapids, Michigan, for Appellant.  Michael Shih, Mark B. Stern, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

ROGERS, J., delivered the opinion of the court in which BOGGS, J., joined.  CLAY, J. (pp. 6–14), delivered a separate dissenting opinion.

---

**OPINION**

---

ROGERS, Circuit Judge.   This case dealing with the Federal Tort Claims Act (FTCA) judgment bar is on remand from the Supreme Court, and we must determine whether our published holding in *Harris v. United States*, 422 F.3d 322 (6th Cir. 2005), should be overruled based on language in three subsequent Supreme Court cases.  We squarely held in *Harris* that the FTCA judgment bar applies to other claims brought in the same action, including claims brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Harris* has not been overruled by later precedent and, as a binding decision of this court, requires that we affirm the district court's dismissal of the plaintiff's remaining claims.

This case arises from plaintiff James King's erroneous apprehension by plainclothes FBI task force members in July 2014.  *See King v. United States*, 917 F.3d 409, 416-18 (6th Cir. 2019).  Defendants Allen and Brownback were searching for a felony home invasion suspect, relying on photographs of the suspect, a physical description, and the knowledge that the suspect bought a soft drink from a specific gas station every afternoon.  King, who was a college student at the time, was walking in the area near the specific gas station in the afternoon when Allen and Brownback approached him.  The parties dispute whether the defendants identified themselves as law enforcement.  King initially answered the defendants' questions about his identity and complied with their order to put his hands on his head, and Allen removed a pocketknife and wallet from King's pocket.  King, who thought he was being mugged, tried to run away, but Allen tackled him and put him in a chokehold.  King claims he briefly lost consciousness, and when he came to, he fought with Allen for over sixty seconds.  King bit Allen's arm, and Allen repeatedly punched King on his face and head.  A witness who called 911 said that Allen and Brownback were going to "kill this man" and that "they're suffocating him."  Defendant Morris responded to the scene and told bystanders to delete their videos of the fight.  Prosecutors later charged King, and a jury acquitted him on all counts.

King filed suit in federal district court, asserting a *Bivens* claim against Allen and Brownback for violation of King's Fourth Amendment rights, a 42 U.S.C. § 1983 claim against

Allen, Brownback, and Morris based on Fourth Amendment violations, and an FTCA claim against the United States. The district court granted the defendants' motion to dismiss all claims on the merits, and did not address the FTCA judgment bar, which provides that "[t]he judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. King appealed. We held that the FTCA judgment bar did not preclude King's *Bivens* claim "because the district court lacked subject-matter jurisdiction over Plaintiff's FTCA claim," so the FTCA claim was not resolved on the merits and the judgment bar was not triggered. *King*, 917 F.3d at 419. We proceeded to hold that the defendants were not entitled to qualified immunity on the *Bivens* claim. *Id*. at 422.

The United States appealed, and the Supreme Court reversed. The Court held that the district court's order dismissing King's FTCA claim "also went to the merits of the claim and thus could trigger the judgment bar." *Brownback v. King*, 141 S. Ct. 740, 745 (2021). The Court noted the parties' mutual understanding that the judgment on the FTCA claim "must have been a final judgment on the merits to trigger the [judgment] bar." *Id*. at 747. Because the district court's order "hinged" on whether King could establish the elements of an FTCA claim, the court reasoned, the order was on the merits for purposes of the judgment bar. *See id*. at 748. The Court concluded that its analysis did not change based on the fact that the elements of an FTCA claim also establish whether a district court has subject-matter jurisdiction over that claim. *See id*. at 749. The Court stated that "where, as here, pleading a claim and pleading jurisdiction entirely overlap, a ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits that triggers the judgment bar." *Id*.

At issue here is a footnote in the opinion that discussed how we should proceed on remand. The Court noted that King had argued "that the judgment bar does not apply to a dismissal of claims raised in the same lawsuit." *Id*. at 747 n.4. But because we had not addressed that argument, the Court declined to address it as well. The Court stated "[w]e leave it to the Sixth Circuit to address King's alternative arguments on remand." On remand, we requested supplemental briefing from the parties on whether the FTCA judgment bar applies to claims in the same lawsuit, which would require the dismissal of King's remaining *Bivens* claim.

Our previous decision in *Harris* compels our affirmance of the district court's dismissal of King's remaining claims. As here, the plaintiff in *Harris* argued that "the judgment bar does not apply where plaintiff has from the outset alleged his *Bivens* claims and sought a jury trial in the same lawsuit alleging FTCA causes of action." *Harris*, 422 F.3d at 334 (internal quotation omitted). We discussed the caselaw, FTCA statutory history, and equitable principles and proceeded to hold squarely that the FTCA judgment bar applies to other claims brought in the same lawsuit. *Id*. at 334-37. King does not argue that *Harris* is distinguishable on its facts, that the analysis in *Harris* was dictum rather than holding, that *Harris* was somehow inconsistent with previous precedent, or that we are somehow freed from treating our precedent as binding by the fact this case is on remand from the Supreme Court. Instead, King argues solely that three intervening Supreme Court cases warrant our overruling *Harris*. But the language in those three cases is not directly applicable to the issue in this case, as the United States pointed out, and King's reply brief did not further address the issue.

The three Supreme Court cases cited by plaintiff are *Simmons v. Himmelreich,* 578 U.S. 621 (2016), *Will v. Hallock*, 546 U.S. 345 (2006), and *Brownback*, but none of those cases can be considered as having overruled our decision in *Harris*. First, *Brownback* is this very case, and nothing in the Court's opinion can be understood to indicate that the judgment bar cannot apply to claims in the same action. Instead, the Court explicitly left the question open for us to address on remand, *see* 141 S. Ct. at 747 n.4, which it would have been unlikely to have done if it thought its precedent clearly answered the question.

Second, although *Simmons*'s holding took policies into account that could arguably support not applying the FTCA judgment bar, the Court was at pains to distinguish cases that are closer to this one than is *Simmons*. *See* 578 U.S. at 629-30. The issue in *Simmons* was whether the FTCA judgment bar applies to claims that are explicitly exempted from the FTCA due to their inclusion in the "Exceptions" section of the statute, 28 U.S.C. § 2680. *Id*. at 623, 626. The Court focused on the plain text of the "Exceptions" section and held that the judgment bar did not apply. *See id*. at 627. Unlike *Simmons*, this case did not involve dismissal under one of the exceptions in § 2680. It is true that the Court noted the "strange result" that would occur if "the viability of a plaintiff's meritorious suit . . . should turn on the order in which the suits are

filed." *Id*. at 630-31.  The Court reasoned that a dismissal under one of the § 2680 exceptions had "no logical bearing on whether an employee can be held liable instead" of the Government, but explicitly distinguished other types of cases, like this one, in which the plaintiff otherwise failed to prove his claim.  *Id.* at 629-30.  The Court stated that if the district court had dismissed the FTCA claim on the merits, "it would make little sense to give [the plaintiff] a second bite at the money-damages apple by allowing suit against the employees: [the plaintiff]'s first suit would have given him a fair chance to recover damages for his beating."  *Id*.  The *Simmons* decision thus cannot be read to overrule our holding in *Harris*, where *Simmons* applied only to the "Exceptions" provision of the FTCA and explicitly distinguished cases such as this one in which the FTCA claim is adjudicated on the merits.

Finally, *Will* also does not call into question our *Harris* decision, because the Court in *Will* rejected the doctrinally distinct jurisdictional argument that a district court's rejection of the judgment bar was immediately appealable under the collateral-order doctrine.  *See* 546 U.S. at 355.  In distinguishing the judgment bar from qualified immunity with respect to interlocutory appealability, the Court indeed noted that "the judgment bar can be raised only after a case under the Tort Claims Act has been resolved in the Government's favor," *id*. at 354, but that is true regardless of whether or not both claims have been litigated in the same action.

For the foregoing reasons, we affirm the judgment of the district court.

---

**DISSENT**

---

CLAY, Circuit Judge, dissenting.  Plaintiff James Lee King was walking to his summer job when two strangers brutally attacked him.  The two individuals attacked King so violently that onlookers thought King would die.  Unfortunately for King, he found out after the fact that his attackers—Todd Allen and Douglas Brownback (collectively "Defendants")—were federal law enforcement officers.  Allen and Brownback were allegedly searching for someone whose description they thought matched King's, but they never identified themselves to King as federal agents.

King filed the present action alleging Fourth Amendment violations arising under 42 U.S.C. § 1983 or, alternatively, under the implied right of action set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  The district court granted summary judgment on these claims in favor of Defendants.  The district court also dismissed King's claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, for lacking subject matter jurisdiction.  On appeal, King only challenged whether the district court erred in granting summary judgment on his *Bivens* claim; he did not appeal the dismissal of his FTCA claim.  We reversed the grant of summary judgment.  In the process, we held that the dismissal of King's FTCA claim for lack of subject matter jurisdiction was not on the merits, and therefore, the FTCA's judgment bar did not apply.  The Supreme Court reversed and remanded the case back to the Sixth Circuit.  In doing so, it held that dismissal of the FTCA claim for lack of subject matter jurisdiction could be sufficient to invoke the judgment bar; but the Court specifically left unanswered the question of whether the FTCA's judgment bar may apply to claims brought in the same action.

We must now decide whether the dismissal of King's FTCA claim bars further proceedings on his contemporaneously filed *Bivens* claim.  In *Harris v. United States*, 422 F.3d 322 (6th Cir. 2005), we held that the judgment bar can be used to bar claims raised in the same suit.  However, *Harris* is now inconsistent with intervening Supreme Court precedent.

Accordingly, for the reasons set forth below, I would reverse and remand the case for further proceedings.  Because the majority does otherwise, I dissent.

## I.  BACKGROUND

### Factual Background

On July 18, 2014, Defendants Todd Allen and Douglas Brownback were searching for a criminal suspect named Aaron Davison.  Police believed that Davison had committed felony home invasion, and the State of Michigan had issued a warrant for his arrest.  Defendants were members of a "joint fugitive task force between the FBI and the City of Grand Rapids."  Officer Allen was a detective with the Grand Rapids Police who had been assigned to work full time on the FBI task force.  Officer Brownback was a special agent with the FBI.   Both officers were out of uniform and in civilian clothes as they conducted their search, but they were both wearing lanyards with their badges displayed over their plainclothes.

Defendants had a description of Aaron Davison to aid them in their search.  They had been told that Davison was a 26-year-old white male between 5′10″ and 6′3″ tall with glasses; short, dark hair; and a thin build.  Defendants also knew that Davison had a habit of buying a soft drink from a particular gas station every day between 2:00 p.m. and 4:00 p.m.  And Defendants had two photographs of Davison.  In the first photograph, the lighting was so dark that Davison appeared as the silhouette of a man playing electric guitar.  The second photograph, a driver's license photo, showed Davison's face clearly, but the photo was seven years old at the time of the search.

Around 2:30 p.m., Defendants saw Plaintiff walking down the street in an area near the gas station where Davison was known to buy his daily soft drinks.  Although Plaintiff was merely a 21-year-old college student who was walking between his two summer jobs, Defendants decided that Plaintiff might be their suspect because Plaintiff was a young white male between 5′10″ and 6′3″ and was wearing glasses. From their unmarked vehicle, Defendants studied Plaintiff's face and decided that there was a "good possibility" that he was indeed Davison.  Defendants parked near Plaintiff and approached him.  The parties dispute whether Defendants identified themselves as law enforcement officers.

Defendants started asking Plaintiff questions. They asked Plaintiff who he was, and Plaintiff truthfully answered that his name was James. Defendants then asked Plaintiff for identification, and Plaintiff said that he had none. Defendants told Plaintiff to put his hands on his head and to face their vehicle. Plaintiff later testified that he complied because Defendants "had small badges around their chest, and [he] assumed [Defendants had] some sort of authority." Defendants asked Plaintiff if he was carrying any weapons, and Plaintiff told them that he had a pocketknife. Officer Allen removed the pocketknife from Plaintiff's pocket, commented on the size of Plaintiff's wallet, and then removed that, too, from Plaintiff's pocket. Plaintiff asked, "Are you mugging me?" and attempted to run away, but Officer Allen tackled him to the ground, grabbed Plaintiff's neck, and pushed him to the ground. Plaintiff then yelled for help and begged passersby to call the police. Officer Allen then put Plaintiff in a chokehold, at which point Plaintiff says that he lost consciousness. Several seconds later, when Plaintiff came to, he bit into Officer Allen's arm. Officer Allen then started punching Plaintiff in the head and face "as hard as [he] could, as fast as [he] could, and as many times as [he] could." Plaintiff variously attempted to escape and to fight back, eventually releasing his bite, but he could not get away; the fight continued for over sixty seconds.

As Officer Allen continued to punch Plaintiff in the head and face, several bystanders called the police and began filming the incident. Numerous police officers arrived on the scene, one of whom ordered the bystanders to delete their videos on the purported basis that the videos could reveal the identities of undercover FBI agents. Some of the bystanders deleted their videos, and footage of the actual altercation was never recovered. The surviving footage from immediately after the incident includes one bystander who can be heard saying, "I was worried. . . . They were out of control pounding him. . . . They were pounding his fa--head for no reason; they were being brutal." (Ex. 6, Timestamp 0:47–1:11.) In a bystander's call to 911, she tells the operator, "They're gonna kill this man. . . . We can't see the victim now. They're over top of him. They look like they're suffocating him. . . . I understand they have badges on, but I don't see no undercover police cars, no other—backup, no nothing." (Ex. 18, Timestamp 1:43–3:21.)

Plaintiff was transported from the scene to the hospital emergency room, where he received medical treatment. The emergency room doctors concluded that Plaintiff's injuries did

not require him to be admitted for further treatment, and they released him with a prescription for painkillers. Upon Plaintiff's discharge, police arrested him and took him to Kent County Jail. Plaintiff spent the weekend in jail before posting bail and visiting another hospital for further examination. Prosecutors pursued charges against Plaintiff for, among other charges, resisting arrest. A jury acquitted him of all charges.

## Procedural Background

On April 4, 2016, Plaintiff brought this suit against Defendants. Relevant to this appeal, King alleged under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), that Defendants violated his clearly established Fourth Amendment rights by conducting an unreasonable seizure and by using excessive force. Plaintiff also asserted a claim against the United States under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2674. The district court found that it lacked subject matter jurisdiction to hear Plaintiff's claim against the United States, and it granted summary judgment for Defendants on the basis that Defendants are entitled to qualified immunity. Plaintiff then appealed only the grant of summary judgment on his *Bivens* claim; he did not appeal the dismissal of his FTCA claim.

On appeal, we reversed the district court. We first held that dismissal of King's FTCA claim for lack of subject matter jurisdiction was proper. To proceed with an FTCA claim, a plaintiff must satisfy six elements. One such element is that the defendants acted tortiously and could be liable. However, we found that under Michigan law, Defendants would be entitled to qualified immunity. Accordingly, King failed to state a claim for which relief could be granted, which, by extension, deprived federal courts from exercising jurisdiction over King's FTCA claim. Without jurisdiction over his FTCA claim, we held the dismissal of such claim did not amount to a judgment that could give rise to the FTCA's judgment bar. We went on to hold that the district court improperly granted summary judgment on King's *Bivens* claim.

The Supreme Court granted certiorari and reversed. It held that a dismissal for lack of jurisdiction constituted a judgment for purposes of the FTCA judgment bar. Thus, a dismissal of an FTCA claim for lack of subject matter jurisdiction "could" preclude further claims. However, because the Sixth Circuit had not addressed whether the judgment bar applies to

claims raised in the same action, the Supreme Court expressly declined to decide whether King's *Bivens* claim could proceed. The Court remanded King's case back to the Sixth Circuit to answer the limited question of whether the FTCA's judgment bar can be used to preclude claims raised in the same lawsuit.

## II. DISCUSSION

### Standard of Review

We review the application of the FTCA judgment bar *de novo*. *See United States v. Kuehne*, 547 F.3d 667, 678 (6th Cir. 2008) ("Because this issue is a matter of statutory interpretation, we conduct *de novo* review." (quoting *United States v. VanHoose*, 437 F.3d 497, 501 (6th Cir. 2006)); *accord Manning v. United States*, 546 F.3d 430, 432 (7th Cir. 2008) (reviewing application of FTCA judgment bar *de novo*).

### Analysis

The FTCA provides a limited waiver of federal sovereign immunity, creating jurisdiction for courts to hold the United States liable for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2671–80. The FTCA also contains a judgment bar, which precludes a plaintiff from bringing additional claims concerning the same subject matter as an FTCA claim after judgment is entered on the FTCA claim. § 2676. Section 2676 states in full: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." Pursuant to the Supreme Court's opinion in this case, a judgment has been entered on King's FTCA claim. *Brownback v. King*, 141 S. Ct. 740, 745 (2021). The question before this Court is simply whether the judgment bar applies to King's *Bivens* claim.

Defendants, and the majority, rely primarily on *Harris v. United States*, 422 F.3d 322 (6th Cir. 2005), to argue that the preclusive effect of the judgment bar applies to claims raised in the same suit. (*See generally* Appellees' Br. 13–22.) In *Harris*, plaintiff Ronnie Harris commenced an action against the United States and four federal agents under the FTCA and

*Bivens*, respectively, for conduct stemming from his arrest and prosecution at the Cleveland airport. The district court "dismissed the *Bivens* claims against all four individual defendants because they had been filed" improperly, but proceeded to enter a judgment for the United States following a bench trial on Harris' FTCA claim. *Harris*, 422 F.3d at 326. On appeal, Harris argued that the dismissal of his *Bivens* claims was erroneous. Although the Sixth Circuit agreed that the claims were wrongfully dismissed, reversal was not warranted. We held that "[e]ven though the district court incorrectly dismissed Harris' *Bivens* claims, we do not reinstate them because they are barred by the court's adjudication of his FTCA claims." *Id.* at 333. We went on to reject Harris' argument "that the judgment bar does not apply where plaintiff has from the outset alleged his *Bivens* claims and sought a jury trial in the same lawsuit alleging FTCA causes of action." *Id.* at 334 (citation omitted); *see also Serra v. Pichardo*, 786 F.2d 237, 241 (6th Cir. 1986) ("[I]t is inconsequential that the [FTCA and *Bivens*] claims were tried together in the same suit and that the judgments were entered simultaneously.").

While *Harris* seems to squarely address the issue presented in this case, it is controlling only to the extent that its holding is not inconsistent with subsequent Supreme Court precedent. *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) ("A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985))). King argues that three cases since *Harris* are inconsistent with *Harris*' holding that the judgment bar applies to claims within the same suit.

The first case on which King relies is *Will v. Hallock*, 546 U.S. 345 (2006). In *Will*, the Supreme Court confronted the question of whether a district court's rejection of the judgment bar as a defense was immediately appealable under the collateral order doctrine. The plaintiffs first sued the United States under the FTCA for a seizure of property that effectively forced them out of business. *Will*, 546 U.S. at 348. While the FTCA case was pending, the plaintiffs initiated a *Bivens* suit against the federal employees; and after the plaintiffs' action against the United States was dismissed, the employee-defendants moved to dismiss the *Bivens* action pursuant to the judgment bar. *Hallock v. Bonner*, 281 F. Supp. 2d 425, 426 (N.D.N.Y. 2003). The district

court denied the motion to apply the judgment bar, and the federal employees appealed. The Supreme Court determined that application of the judgment bar was not subject to the collateral order doctrine, like a denial of qualified immunity, because of what it described as "the bar's essential procedural element." *Will*, 546 U.S. at 353. "The closer analogy to the judgment bar, then, is not immunity but the defense of claim preclusion or res judicata." *Id.* Although recognizing that "the statutory judgment bar is arguably broader than traditional res judicata, it functions in much the same way," and that the concern behind both is avoiding "duplicative litigation." *Id.* Critically, the Supreme Court held that "there will be no possibility of a judgment bar . . . so long as a *Bivens* action against officials and a Tort Claims Act against the Government are pending simultaneously (as they were for a time here)." *Id.* Kings' FTCA claim and *Bivens* claims were pending simultaneously.

The second case on which King relies on is *Simmons v. Himmelreich*, 578 U.S. 621 (2016). The issue presented in that case was whether the "Exceptions" section of the FTCA applied to the judgment bar. In the course of answering this question, the Supreme Court reiterated its sentiment from *Will* that the judgment bar is "analog[ous] to the common-law doctrine of claim preclusion, which prevents duplicative litigation by barring one party from again suing the other over the same underlying facts." *Id.* at 630 n.5. The Court noted that "[t]he judgment bar provision *supplements* common-law claim preclusion by closing a narrow gap: At the time that the FTCA was passed, common-law claim preclusion would have barred a plaintiff from suing the United States after having sued an employee but not vice versa." *Id.* (emphasis added). Additionally, the Court was careful to interpret the judgment bar in such a way as to avoid the prospect of the "strange result" that would occur if "the viability of a plaintiff's meritorious suit against an individual employee [w]ould turn on . . . the order in which the district court chooses to address motions[]." *Id.* at 630–31.

Finally, King relies on *Brownback*—the Supreme Court's opinion in this case. Again, the Court reiterated that the judgment bar "functions in much the same way as [the common law doctrine of claim preclusion]." *Brownback*, 141 S. Ct. at 747 (alteration in original). Importantly, after years of stating the judgment bar functions the same as claim preclusion, the Court noted that "[c]laim preclusion prevents parties from relitigating the same 'claim' or 'cause

of action,' even if certain issues were not litigated in the prior action. Suits involve the same 'claim' or 'cause of action' if *the later suit* 'arises from the same transaction' or involves a 'common nucleus of operative facts.'" *Id*. at 747 n.3 (cleaned up) (emphasis added).

Reading *Will*, *Simmons*, and *Brownback* together leads to the unmistakable conclusion that the FTCA's judgment bar should be applied as would common law claim preclusion accounting for the fact that it closes the above-mentioned "narrow gap," which is not implicated in this case. At common law, claim preclusion "is not appropriate within a single lawsuit so long as it continues to be managed as a single action. Failure to advance all parts of a single claim, or surrender of some part of a single claim as the action progresses, do not defeat the right to pursue the parts that are advanced." 18 Wright & Miller, Fed. Prac. & Proc. Juris § 4401 (3d ed. 2016); *see also* 18 Wright & Miller, Fed. Prac. & Proc. Juris § 4404 (3d ed. 2016) ("Res judicata applies as between separate actions, not within the confines of a single action on trial or appeal."). Because the holding in *Harris* is the opposite of what common law claim preclusion demands, the case is inconsistent with subsequent Supreme Court instruction that the judgment bar should "function[] in much the same way" as common law claim preclusion. *Will*, 546 U.S. at 353.

Moreover, applying *Harris* causes the "strange result" that the Supreme Court cautioned against in *Simmons*. If dismissal of King's FTCA claim precludes his *Bivens* claims, then King's meritorious suit against Defendants turns on the order in which the district court addresses the motions before it. *See Simmons*, 578 U.S. at 630–31; *cf. Carlson v. Green*, 446 U.S. 14, 20 (1980) ("it [is] crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action").

Because the Supreme Court directs courts to apply the judgment bar like common law claim preclusion, which does not apply to claims within the same suit, *Harris* must not control the outcome of this appeal. To continue to follow *Harris* would be inconsistent with nearly two decades of intervening Supreme Court precedent directing lower courts to interpret the judgment bar consistent with common law claim preclusion doctrine.

Besides the common law concerns, not applying the judgment bar to intra-suit claims also makes practical sense, especially under the facts of this case. King sought to revive only his

*Bivens* claims on appeal. Perhaps he agreed with the district court's determination that his FTCA claim lacked jurisdiction, and thought it would be frivolous to appeal that claim. Regardless of the reason he failed to appeal the dismissal of his FTCA claim, future plaintiffs would be incentivized to always appeal FTCA claims or risk having their entire suit dismissed under the judgment bar. As the Supreme Court noted in *Will*, the concern behind the judgment bar is avoiding "duplicative litigation." 546 U.S. at 353. Under the same logic, incentivizing plaintiffs to appeal FTCA claims as a matter of course, regardless of merit, is an equally absurd waste of judicial resources.

## III.  CONCLUSION

The majority's holding is a profound and frightening miscarriage of justice. That federal officers who refuse to identify themselves can spontaneously, and unprovoked, beat an individual nearly to death and be entirely free from civil liability simply because the individual chooses *not* to waste judicial resources on a frivolous appeal is not compatible with notions of an ordered and civilized society. Because the majority follows outdated law and dismisses King's claims, I strongly dissent.