**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JO ANN BARKER,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 15-35128

D.C. No. 6:13-cv-01231-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted December 13, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Jo Ann Barker appeals pro se the district court's judgment dismissing her

action against the Commissioner of Social Security, who issued a favorable

decision granting Barker a waiver of recovery of an overpayment of supplemental

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

security income ("SSI") benefits under Title XVI of the Social Security Act but refused to consider (1) whether Barker's SSI benefits awarded on her first application were properly ceased in 1997, or (2) whether an SSI payment was properly withheld in order to reimburse the State of California for interim assistance that the State provided to Barker while her second SSI application was pending. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Barker's request to proceed in forma pauperis and her motion for reconsideration of that denial. The district court properly determined that Barker failed to establish poverty. *See* 28 U.S.C. § 1915(a); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

The district court correctly concluded that it lacked jurisdiction to consider whether Barker's SSI benefits were properly ceased in 1997. Barker did not timely seek judicial review of either the Commissioner's decision to cease benefits or an administrative law judge's ("ALJ") decision in 2011 not to reopen Barker's first SSI application. *See* 42 U.S.C. § 405(g); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008). Barker has not established a colorable claim of a denial of due process in the ALJ's refusal to look again at reopening the first application when the ALJ granted the waiver of overpayment in 2013. *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (holding that district court has jurisdiction to

2

consider colorable claim of denial of due process in Commissioner's discretionary ruling).

The district court also correctly concluded that it lacked jurisdiction to review the reimbursement of interim assistance payments made by the State of California. The Social Security Act expressly provides that the decision to withhold SSI payments for the purpose of reimbursing states for interim assistance is not subject to judicial review. 42 U.S.C. § 1383(g)(5).

Finally, Barker has not shown that the district judge should have been disqualified for bias. *See* 28 U.S.C. §§ 144, 455; *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (holding that determinative question is whether reasonable person with knowledge of all the facts would conclude that judge's impartiality might reasonably be questioned), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843, 1848 (2016).

**AFFIRMED.**