Peter James **ATHERTON**, Appellant,

v.

Sally **JEWELL**, Secretary, Department of Interior, Individual and Official Capacity, et al., Appellees.

No. 16-5247
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed On: January 24, 2017

Rehearing En Banc Denied May 26, 2017

1:14-cv-02160-CRC

Peter James Atherton, Pro Se.

R. Craig Lawrence, Claire M. Whitaker, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: Henderson, Brown, and Pillard, Circuit Judges

### ORDER

Per Curiam

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply; the motion for summary reversal and the opposition thereto; the motion to file handwritten pleadings; and the motion to appoint counsel, it is

**ORDERED** that the motion to submit handwritten pleadings is granted as to the handwritten response to the motion for summary affirmance. See Fed. R. App. 'P. 27(d)(2)(B). It is

**FURTHER ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly determined that it lacked subject-matter jurisdiction over appellant's complaint under the Federal Tort Claims Act (FTCA) because the discretionary function exemption applies, see Cope v. Scott, 45 F.3d 445, 448 (D.C. Cir. 1995), and did not abuse its discretion in denying appellant's Fed. R. Civ. P. 59(e) motions, see Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Although FTCA's "judgment bar" provision is not a basis for the denial of appellant's motion to amend the complaint to include a claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), see Simmons v. Himmelreich, —— U.S. ——, 136 S.Ct. 1843, 1847-49, 195 L.Ed.2d 106 (2016), appellant does not dispute that this claim would have been untimely, see Banks v. Chesapeake and Potomac Tel. Co., 802 F.2d 1416, 1428-29 (D.C. Cir. 1986).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.