ROGERS, Circuit Judge, dissenting.
The district court's dismissal of King's FTCA claims against the United States based on the presence of state-law governmental immunity constitutes a "judgment" under 28 U.S.C. § 2676, such that the FTCA's judgment bar precludes King's claims against Allen and Brownback.
The FTCA's judgment bar provides:
The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.
28 U.S.C. § 2676. King had sued the United States under 28 U.S.C. § 1346(b) based on the allegedly tortious acts of Todd Allen and Douglas Brownback. The district court dismissed King's FTCA claims on state-law grounds. King did not challenge the dismissal of his FTCA claims on appeal, so the decision was final for the purposes of the FTCA's judgment bar. See Serra v. Pichardo , 786 F.2d 237, 239, 242 (6th Cir. 1986). Moreover, King does not dispute that the additional claims against Allen and Brownback arise from the same "subject matter" as his FTCA claims. A judgment for or against the United States on an FTCA claim bars claims based on the same subject matter, "even when 'the claims [a]re tried together in the same suit and [ ] the judgments [ ] entered simultaneously.' " Harris v. United States , 422 F.3d 322, 334 (6th Cir. 2005) (quoting Serra , 786 F.2d at 241 ). The district court's order in favor of the United States on King's FTCA claims accordingly triggers the judgment bar and requires the dismissal of King's additional claims against Allen and Brownback.
Although the district court's order established that the district court lacked subject matter jurisdiction over the FTCA claims, this is because merits determinations under the FTCA are jurisdictional in that they implicate the sovereign immunity of the United States. The dismissal still amounted to a "judgment" under 28 U.S.C. § 2676. Indeed, the district court dismissed King's FTCA claims against the United States based on determinations that are legally indistinguishable from determinations that the Supreme Court has identified, albeit in dictum, as triggering the judgment bar. In Simmons v. Himmelreich , --- U.S. ----, 136 S.Ct. 1843, 1849, 195 L.Ed.2d 106 (2016), the Court explained that the judgment bar applies when FTCA claims are dismissed "because the [defendants] were not negligent, because [the plaintiff] was not harmed, or because [the plaintiff] simply failed to prove his claim." Such dismissals are under § 1346(b), which lifts the sovereign immunity of the United States by granting jurisdiction over a cause of action for money *435 damages against the government in certain limited circumstances.[1] According to the Court, "it would make little sense to give [the plaintiff] a second bite at the money-damages apple by allowing suit against the employees" to proceed in such a case. Id. The hypothetical dismissals "would have given [the plaintiff] a fair chance to recover damages" for the alleged constitutional violations, such that applying the judgment bar to preclude litigation over claims arising from the same subject matter would be appropriate. Id.
This is precisely what happened in King's lawsuit. The district court dismissed King's FTCA claims against the United States because it determined that Michigan governmental immunity protected Allen and Brownback from liability for their alleged torts. According to the court, "the parties' undisputed facts support the finding that [Allen and Brownback's] actions were not undertaken with the malice required under Michigan law." The district court's dismissal of King's FTCA claims was based on an assessment of their merits under Michigan law. Such a dismissal is warranted by the limits set out in § 1346(b), like those in the Simmons dictum. Under § 1346(b), the FTCA creates a cause of action against the United States "for injury or loss of property, or personal injury or death," only where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."
It is true that a merits-based dismissal under the limits of § 1346(b) is jurisdictional; the terms of § 1346(b) explicitly grant jurisdiction to the district courts for such claims against the government. But that cannot be sufficient to preclude application of the FTCA judgment bar because that would effectively nullify the judgment bar with respect to cases where the FTCA judgment was in favor of the government. Every case that determines that the elements of the cause of action are not met is at the same time a determination that the government's immunity is not waived and that there is accordingly no jurisdiction. This is true even of a judgment entered after trial. See, e.g., Harris , 422 F.3d at 324-25 ; Serra , 786 F.2d at 241-42. But as the Supreme Court reasoned in Simmons , such cases are subject to the FTCA judgment bar. See Simmons , 136 S.Ct. at 1849.
The actual holding in Simmons was that the FTCA's judgment bar does not apply when a judgment is rendered for or against the United States based on one of the FTCA's "Exceptions" set out in 28 U.S.C. § 2680, such as the discretionary function exception. Id. at 1847-48. The Court relied upon the "plain text" of the FTCA for that conclusion. Id. The plain text provision dictates that the judgment bar does not apply to cases excepted under 28 U.S.C. § 2680.[2] But the plain text applied *436 in Simmons by its terms does not apply to dismissals based on the limits of § 1346(b), such as the dismissal in this case and the dismissals explicitly distinguished in the Court's dictum. See id.
Our decision in Himmelreich v. Fed. Bureau of Prisons , 766 F.3d 576 (6th Cir. 2014), does not require holding that dismissals under § 1346(b) preclude application of the judgment bar. That decision was the very court of appeals decision affirmed on different grounds in Simmons . In Himmelreich , we determined that "[a] dismissal for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar," because "in the absence of jurisdiction, the court lacks the power to enter judgment." 766 F.3d at 579. In its review of our Himmelreich decision, the Supreme Court in Simmons affirmed on narrower grounds, and in dictum reasoned in a way that logically requires application of the judgment bar in this case. See Simmons , 136 S.Ct. at 1849. We can hardly be bound by a rationale that the Supreme Court rejected on review of the very case in which we set it forth, in favor of a more limited rationale (the plain text of § 2680 ) that flatly does not apply in the case before us.
It could be argued that the Supreme Court's language regarding § 1346(b) dismissals is dictum, whereas our previous decision in that very case-more broadly reasoning that neither § 2680 dismissals nor § 1346(b) dismissals implicate the judgment bar-is holding, and thus still binding on subsequent panels in the Sixth Circuit. Such an argument is anomalous, however, and at bottom inconsistent with the theory of stare decisis. "Dicta" encompasses elements of an opinion that are not necessary for the resolution of the case. To discern the difference between holding and dictum, we cannot simply rely on what a given decision purports to hold. Rather, we determine whether the purported holding was actually necessary for the resolution of the case. A subsequent decision issued by a reviewing court in that same case may inform whether the purported holding of the lower court was in fact necessary. When a lower court rules on a particular theory and the reviewing court affirms on narrower grounds, the affirmance can indicate that the broader portion of the lower court's theory was unnecessary and therefore dictum-even if the lower court did not recognize it as such at the time of the decision.
The litigation in Simmons illustrates the point. When we decided Himmelreich , we purported to hold that any dismissal of an FTCA claim for lack of subject matter jurisdiction-which would presumably include dismissals under both § 1346(b) and § 2680 -would not trigger the judgment bar. See 766 F.3d at 579. On appeal, the Supreme Court determined that the case could be resolved on narrower grounds and affirmed on a theory that precluded the judgment bar from applying to § 2680 dismissals (the type of dismissal before it), while permitting in dictum the application of the judgment bar to § 1346(b) dismissals. See Simmons , 136 S.Ct. at 1849. Once the Supreme Court made the final decision in the Himmelreich litigation in Simmons , the analysis in the court of appeals decision, to the extent that it encompassed § 1346(b) dismissals, was effectively rendered dictum, if it was not already dictum. It was no longer necessary for the ultimate resolution of the case, since the dismissal *437 of the FTCA claim in Himmelreich was based on § 2680 and not § 1346(b).
The Supreme Court, in other words, took away from the Sixth Circuit opinion any relevance that its § 1346(b) -related analysis may have had to the resolution of the case before it, rendering it the equivalent of dictum with respect to subsequent cases. The Supreme Court did so, moreover, before the Himmelreich litigation was final.
This leaves us with Sixth Circuit dictum that precludes the application of the judgment bar to § 1346(b) dismissals, and well-considered subsequent Supreme Court dictum that permits the application of the judgment bar to § 1346(b) dismissals. The Supreme Court dictum is far more compelling than our previous inconsistent dictum, and should be followed.
Accordingly, King's claims against Allen and Brownback, as sympathetic as they are, are precluded by the FTCA judgment bar.

28 U.S.C. § 1346(b) provides:
Subject to the provisions of chapter 171 of this title, the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The Supreme Court determined:
The "Exceptions" section of the FTCA reads: "[T]he provisions of this chapter"-Chapter 171-"shall not apply to ... [a]ny claim based upon ... the exercise or performance ... [of] a discretionary function or duty." § 2680(a). The judgment bar is a provision of Chapter 171; the plain text of the "Exceptions" section therefore dictates that it does "not apply" to cases that, like Himmelreich's first suit, are based on the performance of a discretionary function.
136 S.Ct. at 1847-48.