**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAISAM ELSHARKAWI, | No. 19-56448 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:18-cv-01971-JLS-DFM |
| UNITED STATES OF AMERICA; KEVIN K. MCALEENAN, Acting Secretary of Homeland Security, in his official capacity; JOHN P. SANDERS, Customs and Border Protection, in his official capacity; LAZARO RIVAS, Officer FNU, in his individual capacity; EDUARDO RODRIGUEZ, Officer FNU, in his individual capacity; JOHN STEVENSON, Officer FNU, in his individual capacity; JENNIFER DOYLE, Officer LNU, in her individual capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 5, 2020
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  M. SMITH and OWENS, Circuit Judges, and CARDONE,** District Judge.

Haisam Elsharkawi (Elsharkawi) appeals the dismissal of his claims arising out of a border search of his cell phones that caused him to miss a flight he attempted to board at Los Angeles International Airport (LAX). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM in part, and REVERSE and REMAND in part.

Elsharkawi seeks retrospective injunctive relief under the Fourth Amendment and First Amendment of the United States Constitution to order the Department of Homeland Security (DHS) to destroy any data collected during the alleged border searches of his cell phones. Elsharkawi also seeks prospective injunctive relief against future border searches of his cell phones, and money damages from the United States under the Federal Tort Claims Act (FTCA) and certain DHS Officers in their individual capacities under 42 U.S.C. § 1981. Elsharkawi accepted an Offer of Judgment under Federal Rule of Civil Procedure 68 on his FTCA claims for $20,001. The district court then entered

---

** The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

2

judgment for Elsharkawi on the FTCA claims in accordance with the accepted Offer of Judgment.

Under FTCA's judgment bar, "once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the same underlying facts." *Simmons v. Himmelreich*, --- U.S. ----, 136 S. Ct. 1843, 1847 (2016). The FTCA's judgment bar forecloses a claim against a federal employee when: (1) there is a "judgment"; (2) that judgment came in "an action under section 1346(b)"; and (3) that action was based on "the same subject matter" as the claims against the federal employee. *See* 28 U.S.C. § 2676. All three elements are satisfied here.

The first two elements are met because the district court entered a judgment on Elsharkawi's FTCA claims, which were brought under § 1346(b). The third element is satisfied because Elsharkawi's FTCA claims and individual capacity claims are based on the same alleged conduct by the DHS Officers questioning him and searching his cell phones at LAX. We therefore AFFIRM dismissal of Elsharkawi's § 1981 claims against CBP Officer Lazaro Rivas, CBP Officer Eduardo Rodriguez, CBP Officer John Stevenson, and Homeland Security Investigations (HSI) Special Agent Jennifer Doyle in their individual capacities.

The district court dismissed as moot Elsharkawi's claims for retrospective injunctive relief under the First Amendment and Fourth Amendment. It relied on a

3

declaration from the DHS Officer who allegedly searched Elsharkawi's cell phones, Officer Doyle, who stated that to her knowledge DHS does not have any data from the alleged searches of Elsharkawi's cell phones. However, because disputed issues of fact must be resolved in Elsharkawi's favor when evaluating a motion to dismiss, we REVERSE dismissal of Elsharkawi's claims for retrospective injunctive relief and REMAND those claims to the district court to direct DHS to submit supplemental declarations explaining more definitively whether DHS has any data from the alleged searches of Elsharkawi's cell phones and whether DHS conducted any forensic searches of his cell phones. *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). The district court should then determine whether those supplemental declarations render Elsharkawi's claims for retrospective injunctive relief moot. Because the jurisdictional inquiry—whether the government currently has Elsharkawi's data—is not substantially intertwined with the merits of the case that focus on the constitutionality of the underlying searches, the district court can consider such declarations for jurisdictional purposes. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733-35 (9th Cir. 1979)). To the extent necessary, Elsharkawi should also be granted leave to amend to allege specific facts supporting the allegation that DHS conducted a forensic search of his cell phones. We offer no assessment as to the merits of

4

Elsharkawi's claims.

With respect to Elsharkawi's claims for prospective injunctive relief, the district court held that Elsharkawi had Article III standing to pursue a prospective injunction against future border searches of his cell phones, but dismissed those claims under the Fourth Amendment and First Amendment on the merits and denied him leave to amend. We REVERSE and hold that the complaint fails to allege an imminent future injury and therefore fails to establish that Elsharkawi has Article III standing to pursue a prospective injunction against future border searches of his cell phones. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992). Therefore, we AFFIRM dismissal of Elsharkawi's claims for prospective injunctive relief, but REVERSE the district court and grant him leave to amend to attempt to allege the imminent future injury necessary to pursue a prospective injunction against future border searches of his cell phones. *See id.* at 564 n.2; *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)). Again, we offer no assessment as to the merits of Elsharkawi's claims.

Accordingly, we **AFFIRM** dismissal of Elsharkawi's § 1981 claims against CBP Officer Lazaro Rivas, CBP Officer Eduardo Rodriguez, CBP Officer John Stevenson, and HSI Special Agent Jennifer Doyle in their individual capacities. Because disputed issues of fact must be resolved in Elsharkawi's favor, we

**REVERSE** dismissal of Elsharkawi's claims for retrospective injunctive relief and **REMAND** those claims to the district court to direct DHS to submit supplemental declarations explaining more definitively whether DHS has any data from the alleged searches of Elsharkawi's cell phones and whether DHS conducted any forensic searches of his cell phones. To the extent necessary, Elsharkawi should also be granted leave to amend to allege specific facts supporting the allegation that DHS conducted a forensic search of his cell phones. Finally, because the complaint fails to allege an imminent future injury to establish that Elsharkawi has Article III standing to pursue a prospective injunction, we **AFFIRM** dismissal of Elsharkawi's claims for prospective injunctive relief, but **REVERSE** the district court and grant Elsharkawi leave to amend to attempt to allege the imminent future injury necessary to pursue an injunction against future border searches of his cell phones. Each party shall bear its own costs on appeal.