**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNE BLOCK, Esquire, an individual, | No. 21-35922 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02018-RSM |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted May 16, 2023[**]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Anne Block appeals from the district court's order denying her motion under

Federal Rules of Civil Procedure 60(b)(5) and (6) to vacate the judgment and all

prior orders in two separate district court actions. We have jurisdiction under 28

U.S.C. § 1291. We review for an abuse of discretion. *Latshaw v. Trainer*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006).  We affirm.

The district court properly denied Block's motion to vacate because Block failed to demonstrate grounds for such relief.  *See* Fed. R. Civ. P. 60(b)(5) (providing in relevant part that a court may grant relief from a final judgment or order if "it is based on an earlier judgment that has been reversed or vacated"); *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (noting that relief under Fed. R. Civ. P. 60(b)(6) is only available when Rules 60(b)(1) through (b)(5) are inapplicable and even then "extraordinary circumstances must justify reopening" (citation omitted)).

The district court did not abuse its discretion by denying Block's request for disqualification because Block failed to establish that Judge Martinez engaged in an improper ex parte communication or other conduct that would call into question his impartiality.  *See Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (setting forth standard of review and explaining that the substantive standard for evaluating a motion to recuse is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation, internal quotation marks, and alteration omitted)), *abrogated on other grounds by Simmons v. Himmelreich*, 578 U.S. 621 (2016).

**AFFIRMED.**

21-35922